1 Douglas S. Baek (SBN: 258321)
Krohn & Moss, Ltd.
2 10474 Santa Monica Blvd., Suite 405
Los Angeles, CA  90025
3 Tel: (323) 988-2400 ext. 244
Fax: (866) 829-5083
4 dbaek@consumerlawcenter.com
Attorney for Plaintiff,
5 WANDA HENRY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| WANDA HENRY, | ) | Case No.: **'13CV0842 BTM NLS** |
|---|---|---|
| Plaintiff, | ) | **COMPLAINT** |
| v. | ) | **(Unlawful Debt Collection Practices)** |
| GC SERVICES, LP, | ) | |
| Defendant. | ) | |

WANDA HENRY ("Plaintiff"), by her attorneys, KROHN & MOSS, LTD., alleges the following against GC SERVICES, LP ("Defendant"):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

2. Count II of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788, *et seq*.

**JURISDICTION AND VENUE**

3. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained therein.

4. Defendant conducts business in the State of California establishing personal jurisdiction.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

6. Plaintiff is a natural person residing in San Marcos, San Diego County, California.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

8. Plaintiff owes or allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5) and Cal. Civ. Code § 1788.2(h).

9. Defendant is a business entity with an office located at 6330 Gulfton St., Houston, Texas 77081.

10. Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c), and sought to collect a consumer debt from Plaintiff.

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12. Defendant is attempting to collect an alleged debt from Plaintiff.

13. Defendant is attempting to collect a debt that arises from transactions which were for personal, family and/or household purposes.

14. In its collection attempts, Defendant placed telephone calls to Plaintiff at her place of residence, telephone number (760) 598-xxxx.

15. When Plaintiff was not able to answer Defendant's call, Defendant would leave Plaintiff a voice message.

16. Around the end of January 2013, Defendant called Plaintiff and left her a voice message on her answering machine.  *See* transcribed message, attached hereto as Exhibit A.

17. Defendant stated that it was "very important" for Plaintiff to return its call, and provided

Plaintiff with telephone number (866) 862-2793, a telephone number belonging to Defendant.  *See* Exhibit A.

18. Defendant never identified its company name in the message.  *See* Exhibit A.

19. Defendant also failed to inform Plaintiff that it is a debt collector.  *See* Exhibit A.

20. Defendant uses deceptive and misleading representations in connection with its attempts to collect the alleged debt by not identifying itself, by not disclosing the true purpose of its phone call, by not disclosing that it is a debt collector, and by exaggerating the purpose of its call by claiming it was "very important" in order to deceive Plaintiff.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

21. Defendant violated the FDCPA based on the following:

    a. Defendant violated § 1692d of the FDCPA by engaging in conduct the natural consequence of which is to annoy Plaintiff.

    b. Defendant violated § 1692d(6) of the FDCPA by not disclosing its identity in its communication with Plaintiff.

    c. Defendant violated §1692e of the FDCPA by using false, deceptive, and misleading representations in connection with the collection of any debt.

    d. Defendant violated § 1692e(10) of the FDCPA by using deceptive means to collect or attempt to collect a debt.

    e. Defendant violated § 1692e(11) of the FDCPA by failing to disclose that its communication was from a debt collector.

WHEREFORE, Plaintiff, WANDA HENRY, respectfully requests judgment be entered against Defendant, GC SERVICES, LP, for the following:

22. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k.

23. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k.

24. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

25. Plaintiff repeats and realleges all of the allegations in Count I of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

26. Defendant violated the RFDCPA based on the following:

    a. Defendant violated the §1788.11(b) of the RFDCPA by not disclosing Defendant's identity to Plaintiff.

    b. Defendant violated the §788.17 of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692, *et seq*. to wit: Sections §§ 1692d and 1692e.

WHEREFORE, Plaintiff, WANDA HENRY, respectfully requests judgment be entered against Defendant, GC SERVICES, LP, for the following:

27. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788.30(b).

28. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c).

29. Any other relief that this Honorable Court deems appropriate.

DATED:  April 8, 2013         RESPECTFULLY SUBMITTED,

                              KROHN & MOSS, LTD.

                              By: /s/ Douglas Baek

                              Douglas Baek
                              Attorney for Plaintiff